OPINION
On November 18, 1996, defendant-appellant, Randall Chenault, was indicted on two counts of trafficking in cocaine in the vicinity of a school, one count of trafficking in cocaine, and two counts of permitting drug abuse in violation of R.C. 2925.03
and 2925.13. The indictment alleged that appellant sold cocaine to police on August 30 and September 16, 1996 and that both sales occurred within one thousand feet of a school. The indictment also alleged that appellant had offered to sell cocaine to police on September 18, 1996 and that appellant permitted his home and pickup truck to be used in the commission of two of the above drug-abuse offenses. Appellant entered not guilty pleas to all five charges and a bench trial was held in the Butler County Court of Common Pleas on February 6, 1997.
John Sons, a narcotics agent employed by the Butler County Sheriff's Office, testified that appellant participated in a series of drug transactions during August and September 1996. Sons testified that he and a confidential informant purchased a quantity of cocaine from appellant for $500 in the restroom of Bob's Cafe in Hamilton, Ohio on August 30, 1996. Sons also testified that Bob's Cafe is located approximately ninety-eight feet from St. Ann's School.
Sons testified that he next purchased cocaine from appellant on September 16, 1996. Sons testified that he and the confidential informant met appellant at Bob's Cafe on September 13, 1996. Sons and the confidential informant gave appellant $850 as payment for the cocaine. Appellant left the cafe to obtain the cocaine, but was unable to do so at that time. Sons subsequently received a telephone call from appellant on September 16, 1996. Appellant told Sons that he had obtained the cocaine. Sons went to appellant's home later that day and received the cocaine from appellant. Sons testified that appellant's home is located approximately two hundred forty-one feet from St. Ann's School.
Sons also testified that appellant agreed to sell "a quarter ounce" of cocaine to him on September 17, 1996. Sons testified that he subsequently spoke with appellant by telephone on September 18, 1996 and that appellant stated that he would need Sons' money "up front" before he could obtain the cocaine. Sons agreed to meet appellant in the parking lot of a Meijer department store in Hamilton.
Sons testified that he met appellant in the parking lot of the Meijer store at approximately 5:15 p.m. on the evening of September 18, 1996 as the two had prearranged. Appellant drove into the parking lot and pulled his pickup truck alongside Sons' vehicle. Sons passed $500 to appellant through the driver's side window of appellant's pickup truck which was open at that time. Appellant took the money and told Sons to contact him the next day to arrange for delivery of the cocaine. Police arrested appellant soon after he left the parking lot.
Beverly Wiltshire, a chemist employed by the Ohio Bureau of Criminal Identification and Investigation, testified that she performed an infrared spectrometry test on the substances Sons purchased from appellant on August 30 and September 16, 1996. Wiltshire testified that both substances contained cocaine. Wiltshire also testified that she weighed the cocaine Sons purchased from appellant using a "Metler analytical balance." Wiltshire stated that the cocaine Sons purchased on August 30, 1996 weighed 5.9 grams and that the cocaine Sons purchased on September 16, 1996 weighed 11.2 grams.
Appellant was convicted of all five charges. The trial court sentenced appellant to a one-year term of imprisonment and a threeyear term of imprisonment for trafficking in cocaine in the vicinity of a school, a six-month term of imprisonment for trafficking in cocaine, and to two six-month terms of imprisonment for permitting drug abuse. The trial court ordered the sentences to be served concurrently. Appellant now appeals setting forth the following assignment of error:
 THE TRIAL COURT'S CONVICTION OF APPELLANT FOR TRAFFICKING IN COCAINE AS CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Appellant contends that his convictions for trafficking in cocaine in the vicinity of a school must be reversed because the state failed to prove that the scales used to weigh the cocaine in this case were calibrated in accordance with the standards set forth in National Institute of Standards and Technology Handbook 44 ("Handbook 44"). R.C. 1327.48 and 1327.49 provide, in pertinent part, as follows:
 Sec. 1327.48 State primary standards of weights and measures.
 Weights and measures that are traceable to the United States prototype standards supplied by the federal government, or approved as being satisfactory by the national institute of standards and technology, shall be the state primary standards of weights and measures, and shall be maintained in such calibration as is prescribed by the national institute of standards and technology. All secondary standards may be prescribed by the director of agriculture and shall be verified upon their initial receipt, and as often as found necessary by the director.
 Sec. 1327.49 Standards for commercial weighing and measuring devices.
 The specifications, tolerances, and regulations for commercial weighing and measuring devices, as adopted by the national conference on weights and measures, recommended by the national institute of standards and technology and published in national institute of standards and technology handbook 44, shall be the specifications, tolerances, and regulations for commercial weighing and measuring devices of the state, except insofar as specifically modified, amended, or rejected by rule by the director of agriculture.
R.C. 1327.48 and 1327.49 establish the standards set forth in Handbook 44 as the applicable weights and measures to be used in all commercial transactions within the state of Ohio. However, there is nothing in R.C. 1327.48, 1327.49 or any other provision of Ohio law which requires the state to establish that the scale used to weigh a controlled substance was calibrated in accordance with Handbook 44 before it may introduce evidence of the weight of that controlled substance in a prosecution for trafficking in drugs in violation of R.C. 2925.03. Compliance with Handbook 44 is not a foundational evidentiary requirement which the state must satisfy in order to introduce evidence of the weight of a controlled substance. Therefore, appellant's contention that his convictions for trafficking in cocaine in the vicinity of a school must be reversed because the state did not prove that the scales used to weigh the cocaine were calibrated in accordance with Handbook 44 is without merit. Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.